# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | 10 C 256, 10 C 719 & 10 C 749 |
| IFC CREDIT, | ) | |
| | ) | Appeal from Bankruptcy |
| Debtor. | ) | Case No. 09 B 27094 |
| | ) | |

## MEMORANDUM AND ORDER

These bankruptcy appeals arise from the bankruptcy court's order denying a motion to dismiss a Chapter 7 case filed by First Chicago Bank and Trust Company ("First Chicago") and the bankruptcy court's subsequent order denying a similar motion to dismiss filed by Askkounis & Darcy, P.C. ("Askounis"). First Chicago filed a motion for leave to appeal (No. 10 C 256) and an appeal as of right (10 C 749) and Askounis filed a motion for leave to appeal (10 C 719). The court consolidated the appeals. For the following reasons, First Chicago's appeal as of right is dismissed for lack of jurisdiction and First Chicago and Askounis's motions for leave to file an interlocutory appeal are denied.

## I. Background

The court will not detail the convoluted path of these appeals from the bankruptcy court to this court. The relevant underlying facts, however, are far more straightforward. According to the bankruptcy court, IFC Credit has been pursued in 450 lawsuits (some of which were assigned to this court) and has more than 13,000 creditors. On July 27, 2009, IFC Credit filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The petition was signed by William Purcell (IFC Credit's President), who is not an attorney. As noted by First Chicago and Askounis, a corporation may only proceed through an attorney, so the petition was void. One

day later, on July 28, 2009, IFC Credit filed an amended petition bearing the signature of attorney Cindy Johnson. The case continued before the bankruptcy court, and substantial activity has occurred since the petition was amended.

First Chicago filed a motion to dismiss with the bankruptcy court. In its motion, First Chicago contended that IFC's entire bankruptcy case was improper because an attorney did not sign its original petition. The bankruptcy court denied the motion to dismiss, holding that the amendment to cure the signature defect was valid and constituted a new, proper petition that related back to the prior day when the original petition was filed. The bankruptcy court subsequently denied a similar motion to dismiss filed by Askounis. First Chicago filed a motion for leave to appeal (No. 10 C 256) and an appeal as of right (10 C 749), while Askounis filed a motion for leave to appeal (10 C 719). Appellee David P. Liebowitz, the Chapter 7 trustee of the Estate of IFC Credit, contends that First Chicago may not appeal as of right and opposes the requests to file interlocutory appeals filed by First Chicago and Askounis.

## II. Discussion

### A. First Chicago's Appeal as of Right (10 C 749)

"[D]enials of motions to dismiss are generally not final orders, even in the bankruptcy context." *In re Jartran, Inc.*, 886 F.2d 859, 864 (7th Cir. 1989); *see also* 28 U.S.C. § 158(a)(1) ("the district courts of the United States shall have jurisdiction to hear appeals from . . . final judgments, orders, and decrees"). Noting that the bankruptcy court's order denying First Chicago's motion to dismiss did not terminate the proceedings before the bankruptcy court, the Trustee contends that First Chicago may not appeal as of right because the appealed-from order is not final.

In response, First Chicago directs the court's attention to *In re Randle*, No. 07 C 631, 2007 WL 2668727 (N.D. Ill. Jul. 20, 2007), and asserts that it demonstrates that orders denying motions to dismiss are immediately appealable. The court disagrees. *In re Randle* involved an appeal by the Trustee, who sought to dismiss an individual debtor's Chapter 7 case for substantial abuse. The *In re Randle* court acknowledged that "[t]ypically, denials of motions to dismiss are not final, and thus appealable, orders even in the bankruptcy context." *Id*. at *4 (colleting cases). It then held that under the flexible approach to the definition of finality used in bankruptcy cases, "[o]rders denying dismissals of Chapter 7 cases for substantial abuse are appealable because the orders end litigation on the merits, leaving only the execution of judgment." *Id*.

The order denying First Chicago's motion to dismiss unquestionably did not end the litigation on the merits. Thus, the decision in *In re Randle* is inapposite and First Chicago's appeal as of right is dismissed for lack of jurisdiction.

**B.     First Chicago's Motion for Leave to Appeal (10 C 256)**

First Chicago alternatively urges the court to grant it leave to pursue an interlocutory appeal. *See* 28 U.S.C. § 158(a)(3) ("The district courts . . . shall have jurisdiction to hear appeals . . . with leave of the court, from interlocutory orders and decrees, of bankruptcy judges . . . ."). Unlike the familiar interlocutory appeal rules governing civil non-bankruptcy cases, *see* 28 U.S.C. § 1292(b), a bankruptcy court is not required to certify an interlocutory appeal before a litigant may file a motion for leave to appeal with this court. *In re Jartran, Inc.*, 886 F.2d at 865-66. Otherwise, motions for leave to file an interlocutory appeal in bankruptcy cases are evaluated

using the § 1292(b) standard. *In re Pullman Const. Industries, Inc.*, 143 B.R. 497, 498 (N.D. Ill. 1992).

The court may certify an order for immediate appeal if the order sought to be appealed involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) ("There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation") (emphasis in original). "Unless *all* these criteria are satisfied, the district court may not and should not certify" an order for an immediate appeal. *Id*. at 676 (emphasis in original).

First Chicago argues at length that a Chapter 7 bankruptcy petition filed by a corporate debtor proceeding pro se is void ab initio regardless of what happens afterwards. It thus concludes that IFC's entire bankruptcy case is a nullity. The problem with this argument is that, as the bankruptcy court recognized, Fed. R. Bankr. P. 9011(a) and 1009(a) expressly authorize a debtor to promptly amend a technical deficiency in the verification of an initial petition. *See* Fed. R. Bankr. P. 9011(a) (an "unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party") and 1009(a) (a debtor may amend its voluntary bankruptcy petition "as a matter of course at any time before the case is closed"). While the court acknowledges First Chicago's arguments to the contrary, it finds that the bankruptcy court's decision simply fails to present a question of law as to which there is substantial ground for difference of opinion.

Moreover, an immediate appeal will not materially advance the termination of this litigation. If the court permitted First Chicago to appeal, there are two possible outcomes. First, First Chicago could theoretically prevail on the merits.[1] If so, proceedings would simply start over before the bankruptcy court with a new Chapter 7 petition under a new case number.[2] The underlying case will thus not go away even if First Chicago wins on appeal. Instead, the case would remain (under a new number) with added layers of additional litigation flowing from starting over with a new case number. This would not promote the goal of stabilizing and liquidating IFC's business.

Second, First Chicago could lose on the merits of its interlocutory appeal if the court allowed it to pursue one. This outcome would simply delay the bankruptcy proceedings with no corresponding benefit. The court thus declines to discuss the remaining interlocutory appeal factors and finds that this case is not an appropriate candidate for an interlocutory appeal. First Chicago's motion for leave to pursue an interlocutory appeal is, therefore, denied.

### C. Askounis's Motion for Leave to Appeal (10 C 719)

Askounis commendably does not suggest that even under the more flexible finality rules that apply to bankruptcy cases, the bankruptcy court's denial of a motion to dismiss that allows a

---

[1] This outcome is possible, not probable, because as noted above, First Chicago has failed to show that there is a substantial ground for difference of opinion regarding the bankruptcy court's decision.

[2] As First Chicago notes, IFC has options other than filing a new Chapter 7 case if its current Chapter 7 case were to somehow be dismissed based on the signature problem that is at the heart of First Chicago and Askounis's appeals. *See* First Chicago Reply [Dkt. No. 17] at 8-9. The court, however, has already found that the signature issue is a non-starter. Thus, it will not address First Chicago's speculation that IFC would not file another Chapter 7 case if its current case were to be dismissed.

case to proceed is a final decision that is appealable as of right. Otherwise, it repeats First Chicago's argument that the fact that a corporation filed for bankruptcy without an attorney and remained without counsel for a single day means that the bankruptcy court lacks jurisdiction. For the reasons discussed above, the court rejects this contention as a basis for leave to proceed with an interlocutory appeal.

### III.     Conclusion

First Chicago's appeal as of right (10 C 749) is dismissed for lack of jurisdiction. First Chicago and Askounis's motions for leave to appeal (filed in Nos. 10 C 256 and 10 C 719, respectively) are denied. The clerk is directed to close all three cases.

DATE:  March 31, 2010

_____
Blanche M. Manning
United States District Judge